Marla WILKES, individually,
Plaintiff–Appellant,

v.

ELECTRONIC DATA SYSTEMS CORPORATION, Electronic Data Systems; Metropolitan Life Insurance Company, a foreign corporation, Defendants–Appellees.

No. 06–15852.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed Feb. 21, 2008.

Denneen L. Peterson, Esq., Tucson, AZ, for Plaintiff–Appellant.

Cynthia T. Kuhn, Esq., Rusing & Lopez, Tucson, AZ, Tonya A. Jacobs, Esq., Baker & Hostetler LLP, Houston, TX, Timothy R. Hyland, Esq., Elliott Hartley Wernick, Phoenix, AZ, for Defendants–Appellees.

Before: CANBY, THOMPSON, and M. SMITH, Circuit Judges.

to Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Plaintiff Marla Wilkes appeals from the district court's grant of summary judgment in favor of defendants Electronic Data Systems ("EDS") and Metropolitan Life Insurance ("MetLife") on her claims for breach of contract, breach of fiduciary duty, and insurance bad faith. We review a grant of summary judgment *de novo*. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the employment manual at issue "clearly and conspicuously tells ... employees that the manual is not part of the employment contract," it did not modify the at-will relationship by creating an implied contract for short-term disability benefits. *Leikvold v. Valley View Cmty. Hosp.*, 141 Ariz. 544, 688 P.2d 170, 174 (1984), *superseded on other grounds by* Ariz.Rev.Stat. § 23–1501(2). Wilkes has no right to the disability benefits as compensation earned because the disability benefit, which EDS could rescind at any time, was not an "offer of pay that induced the performance" of the at-will services. *Demasse v. ITT Corp.*, 194 Ariz. 500, 984 P.2d 1138, 1144 n. 3 (1999). Accordingly, no contract to provide benefits was formed between Wilkes and EDS, and therefore her breach of contract claim against EDS must fail. Wilkes points to no breach of the administrative services agreement between EDS and MetLife that would support her claim as a third-party beneficiary of that contract, so that claim also fails.

Because no contract was formed modifying the at-will relationship, no contract of insurance was formed that would support a bad faith tort claim. *See Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 888 P.2d

1375, 1384–85 (1994) (refusing to import the bad faith tort from the context of insurance contracts to the employment setting). Wilkes' claim for breach of fiduciary duty also lacks merit because, as an employer, EDS owed Wilkes no fiduciary duty, *Rhoads v. Harvey Publ'ns, Inc.*, 145 Ariz. 142, 700 P.2d 840, 847–48 (1984), and no contract was formed giving rise to such a duty.

The judgment of the district court is **AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

